**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Henry HANCOCK, Defendant-Appellant.**

**No. 351, Docket 25547.**

United States Court of Appeals
Second Circuit.

Argued June 9, 1959.

Decided June 23, 1959.

Emanuel Sobel, New York City, for appellant. David Farber, New York City, on the brief.

Louis G. Whitcomb, U. S. Atty., Springfield, Vt., and Thomas Lynch, Asst. U. S. Atty., Burlington, Vt., for appellee.

Before SWAN, HINCKS and MOORE, Circuit Judges.

PER CURIAM.

Appellant was convicted of violating 18 U.S.C.A. § 1343 and was sentenced to imprisonment for a period of six months. The indictment contained three counts. The first two charged appellant and another with use of the mails to defraud, 18 U.S.C.A. § 1341. On the first count the jury failed to agree. On

the second the judge directed acquittal of both defendants. On the third, under § 1343 Hancock was found guilty, and the jury disagreed as to his co-defendant.

Section 1343 of Title 18 provides that "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writing, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice, * * * " commits a crime.

■ The essence of the alleged scheme to defraud was to induce the Guaranty Trust Company to make a loan to Estey Organ Corporation by giving to the lender a balance sheet containing false figures as to "cash on hand and in the banks" and as to accounts receivable of the borrowing corporation. The bank balances were made to appear larger than in fact they were by failing to subtract outstanding checks. The receivables were falsified by preparing invoices purporting to show shipments which were not actually made. There was evidence from which the jury could find that in the interstate telephone conversation between Mr. Morey of the Guaranty Trust Company and Mr. Hancock on April 14, 1955 that Mr. Hancock made false representations as to shipments since April 1, that they were made for the purpose of inducing the loan, and that the Trust Company relied upon them in making it.

■ Appellant contends that because he did not initiate the telephone call, which Mr. Morey put through, he did not violate the statute. The contention is untenable. Neither the words of the statute nor any adjudicated case called to our attention supports it. Every telephone conversation is antiphonal.[1] The recipient of a call "transmits * * * sounds" over the wire, when he replies,

and in the case at bar Mr. Hancock did it "for the purpose of executing such scheme or artifice."

The other contentions of appellant do not merit discussion.

Judgment affirmed.

---

1. See United States v. Polakoff, 2 Cir., 112 F.2d 888, 889.