UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph Lamar JONES,
Defendant-Appellant.

No. 76–4441
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 20, 1977.

John R. Grass, Pensacola, Fla. (Court-appointed), for defendant-appellant.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Nicholas P. Geeker, U. S. Atty., Emory O. Williams, Jr., Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Defendant was convicted on a ten-count indictment of using fictitious credit card numbers in connection with long distance calls in violation of 18 U.S.C.A. § 1343. We affirm.

Defendant challenges the Government's introduction into evidence of five IBM cards under the business records exception to the hearsay rule, Fed.R.Evid., Rule 803(6), on the ground that no proper foundation was laid by a "qualified" witness. The IBM cards were compiled by officials at Southern Bell Telephone & Telegraph Company in Jacksonville, Florida, and were kept in the regular course of business. It is not essential that the offering witness be the recorder or even be certain of who recorded the item. It is sufficient that the witness be able to identify the record as authentic and specify that it was made and preserved in the regular course of business. *United States v. Newman*, 468 F.2d 791, 795–796 (5th Cir. 1972) *cert. denied*, 411 U.S. 905, 93 S.Ct. 1527, 36 L.Ed.2d 194 (1973). Several Southern Bell employees, including the custodian of the records, made the requisite identifications of the IBM cards. Rule 803(6) of the Federal Rules of Evidence provides that such information may be shown "by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." The trial court has wide discretion in determining whether the document offered has the inherent probability of trustworthiness. *United States v. Fendley*, 522 F.2d 181 (5th Cir. 1975); *United States v. Miller*, 500 F.2d 751 (5th Cir. 1974), *rev'd on other grounds*, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71

(1976); *United States v. Middlebrooks*, 431 F.2d 299, 302 (5th Cir. 1970), *cert. denied*, 400 U.S. 1009, 91 S.Ct. 569, 27 L.Ed.2d 622 (1971). Defendant has shown no abuse of that discretion.

There was no error in refusing a mistrial upon the elicitation of testimony from a Government witness that the defendant had given the witness a credit card number which she had used to call her apartment in Atlanta from Philadelphia, where defendant was not charged with any fraudulent calls between these two cities. Defendant did not make a timely objection. Several questions were asked and answered prior to the objection. When raised, however, the objection was sustained, and the judge gave adequate and proper instructions to the jury to disregard all such testimony. *See United States v. Register*, 496 F.2d 1072, 1080 (5th Cir. 1974), *cert. denied*, 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 819 (1975).

For the first time, at the appellate level, the defendant argues that the trial court erred in failing to inquire of the jurors as to the existence of prejudicial information reaching the jury prior to deliberation. This argument is predicated on the fact that, during the trial, a United States Marshal approached the bench and informed the judge that a juror had attempted to ask him a question. There is no indication that the Marshal answered the juror's question, or that the jury received any outside information about the case. The trial court's repeated admonitions to the jury that they were not to talk about this case among themselves or with anyone else dispelled any prejudice which might have arisen as a result of the incident that occurred. *See United States v. Davis*, 487 F.2d 112, 124–125 (5th Cir. 1973), *cert. denied*, 415 U.S. 981, 94 S.Ct. 1573, 39 L.Ed.2d 878 (1974); *United States v. Corbett*, 518 F.2d 113, 116 (8th Cir. 1975). In any event, because no objection was made at trial, this point was not preserved for appellate review, absent plain error. *Fogarty v. United States*, 263 F.2d 201, 204 (5th Cir.), *cert.*

*denied*, 360 U.S. 919, 79 S.Ct. 1437, 3 L.Ed.2d 1534 (1959).

Last, defendant raises an issue as to the sufficiency of the evidence to support the verdict. Taken in the light most favorable to the Government, *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), there is substantial evidence to support the verdict. The wire fraud statute provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

18 U.S.C.A. § 1343. This Court has previously held that to sustain a conviction under this section it is not necessary to show that the defendant directly participated in the use of the telephone, where it is established that the defendant caused the use of the telephone, and that such use was the foreseeable result of his acts. *United States v. Snyder*, 505 F.2d 595, 600-601 (5th Cir. 1974), *cert. denied*, 420 U.S. 993, 95 S.Ct. 1443, 43 L.Ed.2d 676 (1975); *Hawkins v. United States*, 305 F.2d 658 (5th Cir. 1962), *cert. denied*, 372 U.S. 924, 83 S.Ct. 737, 9 L.Ed.2d 729 (1963). *See United States v. Conte*, 349 F.2d 304 (6th Cir.), *cert. denied*, 382 U.S. 926, 86 S.Ct. 313, 15 L.Ed.2d 339 (1965); *United States v. Houlihan*, 332 F.2d 8 (2d Cir.), *cert. denied*, 379 U.S. 828, 85 S.Ct. 56, 13 L.Ed.2d 37 (1964); *United States v. Hancock*, 268 F.2d 205 (1st Cir.), *cert. denied*, 361 U.S. 837, 80 S.Ct. 89, 4 L.Ed.2d 77 (1959). *Cf. Pereira v. United States*, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954) (discussing 18 U.S.C.A. § 1341, mail fraud statute).

In this case, the evidence clearly indicated that defendant gave out the credit card numbers to individuals and told them to use the credit card numbers to call him. For this evidence, the jury could determine that he intended to defraud the telephone company of its tolls. Since the calls proven were the foreseeable result of the scheme in which the defendant participated, the evidence sustains a guilty verdict even though the defendant made no calls himself.

AFFIRMED.