**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James R. ATCHLEY,**
**Defendant-Appellant.**

No. 81–7345.

United States Court of Appeals,
Eleventh Circuit.

March 7, 1983.

Len Antinoro, College Park, Ga., for defendant-appellant.

Janis M. Caplan, Julie E. Carnes, Asst. U.S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before RONEY and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.

CLARK, Circuit Judge:

James R. Atchley appeals from his jury conviction of malicious destruction of property used in interstate commerce by means of an explosive in violation of 18 U.S.C. sections 844(i) and 2, conspiracy in violation of 18 U.S.C. section 371, and devising a scheme to defraud an insurance company in violation of 18 U.S.C. section 1341. Appellant contends there are five reasons his conviction should be reversed: the trial court erred in dismissing appellant's motion to dismiss the indictment, the trial court erred in admitting customer toll billing records from the phone company, the trial court erred in admitting a chart summarizing relevant portions of the telephone toll records, the trial court erred in admitting the testimony of coconspirator Ralph Turn-

er, and there was insufficient evidence to support the verdict of guilty.

Appellant was indicted on November 18, 1980 for conspiracy, malicious destruction of property, and insurance fraud. After pleading not guilty, appellant filed a motion to dismiss the indictment, contending there were statutory and constitutional deficiencies in the grand jury selection and impanelment process. This motion, filed on December 4, 1980, was not accompanied by a sworn affidavit and contained no factual allegations.[1] The motion was denied by the district court in a hearing held on December 18, 1980.

Appellant's trial began on February 10, 1981. Testimony at trial established that on February 17, 1979 fires occurred simultaneously at two businesses located in a shopping center in LaGrange, Georgia. Both Dynamic Denims, owned by appellant Atchley, and Kirti's Gift World, managed by Kaushik Kapadia, suffered fire damage; while Household Finance, which stood between the two shops, did not burn. An investigation of the fires established that there were pour patterns in the burned buildings caused by the acetone which had been used as an accelerant. The mixture of the acetone and the oxygen in the air had caused an explosion upon ignition.

Additional evidence at trial established that appellant Atchley had purchased fire insurance in the amount of $25,000 from the Great Central Insurance Company prior to the fire. An audit of appellant's business records showed that his business was losing money to the extent that he had been forced to fire an employee for lack of work. In November of 1978, appellant had called an acquaintance, Ralph Turner, to request a meeting. At this meeting, appellant asked Ralph whether his brother Ronald Turner would burn the store. After Ronald agreed to the task, a meeting took place in LaGrange at which appellant Atchley, Kaush-

ik Kapadia, Ralph Turner, and Ronald Turner were present. At this meeting, appellant said he wanted holes drilled in the walls of the finance company and acetone poured in, prior to starting the fire, so that it would appear as if the fire had started in Household Finance. Appellant then gave Ronald Turner $200 in cash.

At a subsequent meeting, appellant gave Ronald Turner an additional check for $300. In January, appellant called Ronald regarding the planning of the fires, and at the end of January Ronald received a check in the amount of $100 written by J.R. Atchley to "petty cash."

At a meeting in Ralph Turner's apartment, appellant, appellant's wife, Kapadia, and Ronald were present. Keys were exchanged, and the participants discussed the respective alibis and decided on the date of the fire. Shortly before the fire, appellant was observed removing merchandise from his store. A few days before the fire, appellant drove to Alabama to meet with his insurance agent. On February 17, 1979, Ronald Turner went to LaGrange and started the fires which damaged Dynamic Denims and Kirti's Gift World. He poured acetone on the floors, stuck a firecracker in the end of his cigarette, and lit the cigarette. He did not drill the holes into the walls of the finance company because there was a fire wall.

Several days after the fires, Atchley gave Ronald Turner an additional $600. At trial, evidence was introduced demonstrating that during this time period six telephone calls were made between Ronald Turner and appellant's home or place of business. Nevertheless, after the fire, appellant stated under oath that he did not know Ronald Turner.

Appellant's proof of loss statement was received in the mail by James Robertson of Sewell & Todd Adjustors. In this form,

---

1. Atchley's motion, in its entirety, stated:

NOW COMES defendant, James R. Atchley, and hereby adopts defendant Kaushik Kapadia's motion to dismiss the indictment and stay the proceedings based upon statutory and constitutional deficiencies in the grand jury selection and empanelment process.

WHEREFORE, defendant prays that the Court enter an order staying the proceedings and dismissing the indictment.

appellant certified that he had nothing to do with the origin of the fire and had not procured anyone to help in starting a fire.

■ Appellant first argues that the district court erred in denying appellant's motion to dismiss the indictment based on statutory and constitutional deficiencies in the grand jury selection and impanelment process. Specifically, appellant contends that the district court should have permitted him to adopt co-defendant Kapadia's motion to dismiss the indictment. The district court orally stated that while a motion could be adopted by reference, it had to be accompanied by a jurat to meet the standing requirement. An affidavit is a requirement of both the statute providing for challenges to jury selection procedures, 28 U.S.C. sec. 1867 (1982), and local court rules requiring all motions to be accompanied by affidavits when allegations of fact are relied on, N.D.Ga. Local Court Rule 91.1 (1981). The district court denied appellant's motion with prejudice pursuant to 28 U.S.C. sec. 1867 and Fed.R.Crim.P. 12(f).

■ Appellant presents no argument or authority to this court in support of his bare contention that the district court erred in denying his motion to dismiss the indictment. Nor has appellant provided this court with a copy of co-defendant Kapadia's motion to dismiss the indictment. Thus, appellant has also failed to present this court with any facts which could support a finding that the grand jury selection and impanelment process were improper. Appellant's contention that the indictment was improperly amended is also unfounded.

■ Appellant next challenges the trial court's admission of customer toll billing records from the phone company. The four exhibits consisting of customer toll billing records from the phone company were introduced through Diane McCook, the security assistant in the Security Department of Southern Bell Telephone Company. Ms. McCook identified each exhibit and testified under oath that these records were kept in the ordinary course of business, that it was the ordinary course of her business to make and keep such records, that the records were made on or about the time of the transactions reflected in the records, and that she was the custodian of those records. She further explained that the original record was sent to the subscriber and that the copies produced in court were made from microfiche records kept in her office under her supervision. Appellant contends that these exhibits were not admissible because they were not relevant to any trial issue. Appellant argues that anyone could have made or received the telephone calls and their admission unduly prejudiced the appellant before the jury. Appellant further contends that Ms. McCook was incompetent to testify as to the truth or accuracy of the contents of the records.

The government argues that the exhibits were properly admitted into evidence pursuant to Rule 803(6) of the Federal Rules of Evidence, which provides that records of regularly conducted activity are not excluded by the hearsay rule. We find the telephone toll records to have been properly admitted as they were both relevant and within the business records exception. Relevant evidence is defined in the Federal Rules as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable . . . than it would be without the evidence." Federal Rule of Evidence 401. The telephone toll records meet this definition because they corroborated the testimony of Ronald Turner describing his prior contacts with appellant. Appellant had previously told a representative of his insurance company, under oath, that he did not know Ronald Turner. This telephone call evidence makes Turner's testimony that he and appellant were acquaintances more probable than it would have been without the testimony.

■ Ms. McCook's testimony was sufficient to demonstrate that the telephone toll records fell within Rule 803(6), which provides:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made

at or near the time by, or from information transmitted by, a person with knowledge, is kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all is shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness . . . .

Federal Rule of Evidence 803(6). Appellant errs in contending that Ms. McCook could not authenticate the toll records because she had no personal knowledge of the truth of the information contained in them. As this court has previously stated:

It is not essential that the offering witness be the recorder or even be certain of who recorded the item. It is sufficient that the witness be able to identify the record as authentic and specify that it was made and preserved in the regular course of business.

*United States v. Jones,* 554 F.2d 251, 252 (5th Cir.), *cert. denied,* 434 U.S. 866, 98 S.Ct. 202, 54 L.Ed.2d 142 (1977). The trial court did not err in finding the customer toll billing records trustworthy and admissible.

Appellant argues that Exhibit 59, a chart which summarized relevant portions of the telephone toll records which had already been introduced into evidence, was inadmissible because it violated the hearsay rule. Appellant further states that this exhibit was outside the personal knowledge of the witness, and therefore the witness was incompetent to testify as to its accuracy.

■ The chart in question was designed by Special Agent James Arey of the Bureau of Alcohol, Tobacco and Firearms after a careful analysis of the telephone toll records subpoenaed in this case. Special Agent Arey testified that the information contained in Government's Exhibit 59 was the same information that was in the original telephone toll records. The chart was introduced pursuant to Rule 1006, which provides:

*Summaries.*

The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

This court has interpreted Rule 1006 as "treating summaries as evidence under circumstances where, in the court's discretion, examination of the underlying documents in a trial setting cannot be done conveniently." *United States v. Smyth,* 556 F.2d 1179, 1184 (5th Cir.), *cert. denied,* 434 U.S. 862, 98 S.Ct. 190, 54 L.Ed.2d 135 (1977). Here, duplicates of the original toll records had already been admitted into court and therefore were available for examination by other parties. We find that the court did not err in admitting the summary chart to aid the jury in consideration of the telephone toll records.

■ Appellant next contends that the trial court erred in admitting the testimony of coconspirator Ralph Turner. In *United States v. James,* 590 F.2d 575 (5th Cir.) (en banc), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979), this court held that in order to admit statements of coconspirators under Federal Rule of Evidence 801(d)(2)(E), the statement must be made during the course of and in furtherance of the conspiracy and both the declarant and the defendant must be members of the conspiracy. Additionally, "as a preliminary matter, there must be *substantial, independent* evidence of a conspiracy at least enough to take the question to the jury." 590 F.2d 581 (citations omitted). *James* was intended to require independent evidence, other than the coconspirator's testimony, establishing the existence of the conspiracy. *United States v. Hartley,* 678 F.2d 961 (11th Cir.1982); *United States v. Nicoll,* 664 F.2d 1308 (11th Cir.1982). Pursuant to appellant's motion, the trial court in the present case conducted a hearing on the *James* issue. Independent evidence of the

conspiracy included a cancelled check drawn on Atchley's business account endorsed by Ronald Turner and telephone records substantiating the communication between the coconspirators. Following the hearing, the trial court appropriately ruled that Ralph Turner's testimony could be admitted.

Appellant also argues that the evidence was insufficient to sustain the verdict of guilty. The standard of review before this court is whether a reasonable trier of fact "could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982) (en banc). Looking at the evidence presented in this case and the inferences that may be drawn from it in a light most favorable to the government, we conclude that the evidence was more than sufficient to permit the jury to find that appellant was guilty of all counts.

Finding no error, we AFFIRM the conviction of James R. Atchley.