SAKS INTERNATIONAL, INC.,
Plaintiff-Appellee,

v.

M/V "EXPORT CHAMPION," her engines, boilers, etc., and Farrell Lines, Inc., Defendants, Third-Party Plaintiffs-Appellees, Cross-Appellants,

Maher Terminals, Inc., Third Party Defendant-Appellant, Cross-Appellee.

Nos. 860, 979, Dockets 86–7998, 86–9034.

United States Court of Appeals,
Second Circuit.

Argued March 17, 1987.

Decided May 4, 1987.

mand the case to the district court for further consideration of this claim.

Richard Juzumas, Vincent, Berg & Russo, New York City (Daniel G. McDermott, Donovan, Maloof, Walsh & Repetto, New York City, on the brief), for plaintiff-appellee.

Philip S. Ross, New York City (Lilly, Sullivan, Purcell, Barkan & Junge, P.C., New York City, on the brief), for defendants-third-party-plaintiffs-appellees-cross-appellants.

James M. Kenny, New York City (Leonard, Kenny & Stearns, New York City, on the brief), for third-party-defendant-appellant-cross-appellee.

Before KEARSE, MINER, and MAHONEY, Circuit Judges.

KEARSE, Circuit Judge:

Third-party-defendant Maher Terminals, Inc. ("Maher"), appeals from so much of a final judgment of the United States District Court for the Southern District of New York, entered after a bench trial before Gerard L. Goettel, *Judge*, as (1) awarded plaintiff Saks International, Inc. ("Saks"), $307,010.82 against Maher and defendants-third-party-plaintiffs Farrell Lines, Inc., and M/V "EXPORT CHAMPION," a ship owned by Farrell (collectively "Farrell"), for the nondelivery of 1,773 bags of coffee, part of a shipment consigned to Saks, carried aboard the EXPORT CHAMPION from the Ivory Coast to New Jersey and stevedored at discharge by Maher, and (2) held Maher liable to Farrell in indemnity for that amount. Maher contends principally that the trial court erred in admitting certain documents in evidence and that, without those documents, the evidence was insufficient to support a finding of liability against it. Farrell cross-appeals, contending, *inter alia*, that the court erred in refusing to award it attorneys' fees from Maher. We reject Maher's contentions, but vacate so much of the judgment as denied Farrell's claim for attorneys' fees and re-

## I. BACKGROUND

According to findings of the district court that are undisputed on this appeal, in October 1984, the EXPORT CHAMPION carried a shipment of several thousand bags of coffee beans from two Ivory Coast ports, Abidjan and San Pedro, to Port Elizabeth, New Jersey. Farrell issued and signed clean bills of lading covering more than 19,000 bags of coffee, 16,800 of which belonged to Saks. Maher, which operated a marine terminal at Port Elizabeth and was under contract with Farrell Lines, Inc., to perform stevedoring services, unloaded the EXPORT CHAMPION's entire cargo upon arrival at Port Elizabeth and stored it pending delivery to the consignees. When Saks sought delivery of its 16,800 bags of coffee, it received only 15,027 bags; of the bags delivered, 657 were slack or torn.

Saks commenced the present action against Farrell to recover its losses resulting from the nondelivery and slackage; Farrell, claiming that the full consignment had been delivered to Maher in good order and condition, sued Maher as third-party-defendant, seeking to be indemnified against possible liability to Saks. Because Maher's checkers had made only an approximate count of the number of bags actually discharged at Port Elizabeth, the parties focused at trial on establishing the number of bags loaded aboard the vessel in Africa.

According to bills of lading prepared prior to the actual loading of the coffee, 6,048 bags of coffee were to be loaded in Abidjan and 13,440 bags in San Pedro. At each of these ports, employees of the loading stevedore prepared loading tallies; these tallies indicated that the amounts of coffee set forth in the bills of lading were in fact loaded onto the vessel. Each of the Abidjan tallies was signed by a checker employed by the loading stevedore, and most were countersigned by the EXPORT CHAMPION's chief mate. Fewer than half of the San Pedro tallies were signed by a checker, and none was countersigned

by the chief mate. As discussed more fully in Part II.A. below, the district court admitted the tallies into evidence pursuant to the business records exception to the hearsay rule, acknowledging some question regarding the weight that should be accorded to them.

Partly in reliance on these tallies, the court found that the amount of coffee set forth in the bills of lading had actually been loaded onto the vessel and was received by Maher, and concluded that in failing to make delivery to Saks of all 16,-800 bags Maher had been negligent and had breached its warranty of workmanlike performance. The court concluded that Farrell failed to meet its burden of showing that it was not responsible for the slackage among the bags that were delivered and held Farrell liable for the entire slackage loss. Judgment was entered in favor of Saks (1) against Maher and Farrell in the amount of $307,010.82, representing damages for nondelivery, including interest, and (2) against Farrell in the amount of $45,817.53, representing damages for slackage, including interest. The judgment provided that Farrell was entitled to indemnity from Maher in the amount of $307,010.82. These appeals followed.

## II. DISCUSSION

On appeal, Maher contends principally that the district court erred in admitting the loading tallies into evidence and that the properly admitted evidence was insufficient to establish the amount of coffee loaded onto the ship in Africa. Farrell argues, *inter alia*, that the district court erred in not awarding it the attorneys' fees it incurred in the proceedings below. We have considered all of the arguments of Maher and Farrell in support of their respective appeals and find possible merit only in Farrell's contention that it was entitled to an award of attorneys' fees from Maher. Only that issue and Maher's evidentiary contention warrant discussion.

### A. *The Admissibility of the Loading Tallies*

Maher's principal contention is that the trial court should not have allowed Farrell to introduce the African loading tallies as business records because they were not the records of Farrell and the foundation for their treatment as business records was inadequate. We find no abuse of discretion in the court's receipt of these documents.

The principal precondition to admission of documents as business records pursuant to Fed.R.Evid. 803(6) is that the records have sufficient indicia of trustworthiness to be considered reliable. *See United States v. Mendel*, 746 F.2d 155, 166 (2d Cir.1984), *cert. denied*, 469 U.S. 1213, 105 S.Ct. 1184, 84 L.Ed.2d 331 (1985); *United States v. Lavin*, 480 F.2d 657, 662 (2d Cir.1973). Documents may properly be admitted under this Rule as business records even though they are the records of a business entity other than one of the parties, *see United States v. Consolidated Edison Co.*, 580 F.2d 1122, 1131 n. 18 (2d Cir.1978), and even though the foundation for their receipt is laid by a witness who is not an employee of the entity that owns and prepared them, *see United States v. Mendel*, 746 F.2d at 166; *United States v. Hathaway*, 798 F.2d 902, 906 (6th Cir.1986). Further, there is no requirement that the person whose first-hand knowledge was the basis of the entry be identified, so long as it was the business entity's regular practice to get information from such a person. *See United States v. Atchley*, 699 F.2d 1055, 1059 (11th Cir.1983); *United States v. Basey*, 613 F.2d 198, 201 n. 1 (9th Cir. 1979), *cert. denied*, 446 U.S. 919, 100 S.Ct. 1854, 64 L.Ed.2d 274 (1980). The determination of whether, in all the circumstances, the records have sufficient reliability to warrant their receipt in evidence is left to the sound discretion of the trial judge. *United States v. Lavin*, 480 F.2d at 662.

In the present case, the African tallies were prepared by unidentified employees of the company that provided stevedoring services at Abidjan and San Pedro. No employee of that company testified. Rather, the foundation for introduction of the African tallies was provided by the testimony of the EXPORT CHAMPION's chief mate, whose responsibilities included super-

vising the loading of the cargo and whose knowledge of the workings of the tally system apparently was unchallenged by Maher at trial. The mate testified, *inter alia,* that it is the customary course of business in the cargo trade for shore-side stevedores to prepare loading tallies and for the ship to retain them and to rely on them to establish the actual loading count; that there is no custom or practice requiring that these tallies be signed; that it is customary for ship personnel to do only a spot check for accuracy; and that the results of his spot checks on the loading of the coffee in this case were consistent with the loading tallies. In light of this testimony, we see no abuse of the court's discretion in concluding that the African tallies were sufficiently reliable to be admitted as business records.

The trial court's findings of fact may not be set aside unless they are clearly erroneous. *See* Fed.R.Civ.P. 52(a); *Anderson v. City of Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985). In light of the evidence provided by the properly admitted loading tallies, the court's findings as to the quantity of coffee loaded in the Ivory Coast were not clearly erroneous and may not be overturned. Those findings are sufficient to support the imposition of liability on Maher.

### B. *Farrell's Claim for Attorneys' Fees*

We find somewhat greater merit in Farrell's contention that it was entitled to an award of attorneys' fees. The district court denied Farrell's request for such an award without explication, and the basis for the denial is not apparent.

It is well established that a stevedore is obligated to indemnify the shipowner for any loss incurred because of the stevedore's breach of its warranty of workmanlike service, and that the obligation extends to the litigation expenses incurred by the shipowner in defending any suit brought against him as a result of such a breach. *See, e.g., Massa v. C.A. Venezuelan Navigacion,* 332 F.2d 779, 782 (2d Cir.), *cert. denied,* 379 U.S. 914, 85 S.Ct. 262, 13 L.Ed.2d 186 (1964); *Nicroli v. Den Norske*

*Afrika-OG,* 332 F.2d 651, 656 (2d Cir.1964); *but see Demsey & Associates, Inc. v. S.S. Sea Star,* 500 F.2d 409 (2d Cir.1974) (upholding denial of attorneys' fees where most of defendants' legal fees were expended on claims by or against other defendants, and unprecedented complexity of the lawsuit would make indemnification "unconscionable and a gross miscarriage of justice"). This obligation to indemnify the primary defendant for his litigation expenses does not, however, extend to the expenses incurred in establishing the stevedore's indemnity obligations, since such expenses "fall within the ordinary rule requiring a party to bear its own expenses of litigation." *Peter Fabrics, Inc. v. S.S. "Hermes",* 765 F.2d 306, 315–16 (2d Cir. 1985) (Friendly, J.); *see also A.C. Israel Commodity Co. v. American-West African Line, Inc.,* 397 F.2d 170, 172–73 (3d Cir.) (where some of carrier's legal expenses were incurred in defense of the primary claim, carrier is entitled to award of counsel fees from indemnitor to that extent), *cert. denied,* 393 U.S. 978, 89 S.Ct. 446, 21 L.Ed.2d 439 (1968).

It is unclear that the district court applied these principles, for it seems likely that at least some portion of Farrell's pretrial and trial expenses for attorneys' fees were incurred in connection with the defense of Saks's claims and not simply in connection with Farrell's claim for indemnification from Maher. Because the record is unclear as to the extent to which Farrell's litigation efforts fell into the category of indemnifiable expenses under the above authorities, we vacate so much of the judgment as denied Farrell attorneys' fees from Maher and remand to the district court for further proceedings.

### CONCLUSION

The judgment of the district court is vacated insofar as it denied Farrell's claim for attorneys' fees, and the matter is remanded for further proceedings not inconsistent with this opinion. The judgment is in all other respects affirmed.

Saks and Farrell shall recover from Maher their costs on these appeals.