UNITED STATES of America, Appellee,

v.

Randy Arnold CARPENTER, Appellant.

No. 95–2099.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 7, 1995.

Decided Nov. 24, 1995.

Jack Lassiter (argued), Little Rock, Arkansas, for appellant.

Linda B. Lipe (argued), Assistant Attorney General, for appellee.

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.

PER CURIAM.

After a jury trial, Randy Arnold Carpenter was convicted of two counts of extortion by mail in violation of 18 U.S.C. § 876. Over Carpenter's objection, the government had introduced tape recordings of anonymous telephone calls to link Carpenter to the anonymous letters that were the basis of the offense. Carpenter argues on appeal that the district court[1] erred in admitting the tapes when no witness could identify the caller's voice.

■ We review for clear abuse of discretion the district court's admission of evidence over an objection. *United States v. Roach*, 28 F.3d 729, 732–33 (8th Cir.1994). A proper foundation for the introduction of electronically recorded material includes identification of the speaker. *United States v. McMillan*, 508 F.2d 101, 104 (8th Cir. 1974), *cert. denied*, 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975).

■ Under Federal Rule of Evidence 901, the government needed only to demonstrate

---

1. The Honorable Garnett Thomas Eisele, United States District Court Judge for the Eastern District of Arkansas.

a rational basis for its claim that Carpenter was the speaker on the tapes. *See United States v. Coohey*, 11 F.3d 97, 99 (8th Cir. 1993). Contrary to Carpenter's argument, the district court properly considered evidence other than direct identification by a witness in ruling on the tapes' admissibility. *See* Fed.R.Evid. 901(b)(4); *United States v. Hassell*, 547 F.2d 1048, 1054–55 (8th Cir.) (circumstantial evidence sufficient to identify speaker), *cert. denied*, 430 U.S. 919, 97 S.Ct. 1338, 51 L.Ed.2d 599 (1977). Because the evidence showed that the caller was a male, Carpenter was the only male living at the residence to which three of the calls were traced, three more calls were traced to pay phones near Carpenter's residence, and the pay-phone and residential-phone conversations were similar in substance, we conclude the district court did not abuse its discretion in allowing the tape recordings into evidence.

Accordingly, we affirm the judgment of the district court.