# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3167

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| William D. Carpenter, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 15, 2007
Filed: May 17, 2007

_____

Before MELLOY, SMITH, and BENTON Circuit Judges.

_____

BENTON, Circuit Judge.

William Donale Carpenter appeals his sentence for conspiracy to distribute, and possession with intent to distribute, methamphetamine, asserting the district court[1] erred in denying a sentence reduction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Richard E. Dorr, United States District Court for the Western District of Missouri.

Carpenter pled guilty to three counts, conspiracy to distribute over 500 grams of meth, and possession with intent to distribute in excess of 5 and 50 grams of meth, respectively. He was sentenced concurrently to 210 months' imprisonment and 5 years' supervised release. At the plea hearing, Carpenter admitted receiving from his co-defendant source over 500 grams of meth, which he then distributed. Further, he agreed that in July 2004, police seized 20.28 grams of meth from his house. In September, 90.03 grams of meth also were seized there. On both occasions, Carpenter intended to distribute the meth.

Carpenter objected to the presentence report (PSR). At sentencing, Carpenter stated: "With the exception of the objection for the minor versus minimal participant, the rest of those are just legal objections." The district court addressed each objection, and Carpenter confirmed each solely was a legal objection, except as to paragraph 31. Paragraph 31 states, "Adjustments for Role in the Offense: None."

Regarding the role adjustment, Carpenter argued that his involvement, compared to the amount of drugs attributed to his co-conspirators, was minimal or minor. He called three witnesses. The first testified that, although she was not charged, she regularly supplied drugs to Carpenter and that he offered her a couple of pounds of meth. The next witness, a police officer, stated that Carpenter's co-defendant transported two pounds of meth at a time during five trips. The last witness, another officer, testified that Carpenter did not reveal his source but admitted receiving about three pounds of meth during the conspiracy.

The court denied minimal and minor role adjustment because "to say that he's minor because he's less culpable than most other participants, I don't see that, because clearly he was moving a lot of methamphetamine." Carpenter appeals, asserting a Sixth Amendment violation and insufficient evidence to deny a mitigating role reduction.

This court reviews "the district court's determination of whether a defendant qualifies for a mitigating role reduction for clear error." *United States v. Gomez Godinez,* 474 F.3d 1039, 1042 (8th Cir. 2007); *see United States v. Johnson*, 408 F.3d 535, 538-39 (8th Cir. 2005) ("mitigating role reduction is a question of fact"). "We review de novo the district court's interpretation and application of the advisory Guidelines and review for clear error for its findings of fact." *United States v. Rouillard,* 474 F.3d 551, 555 (8th Cir. 2007). "We apply de novo review to constitutional questions." *United States v. Lopez-Zepeda*, 466 F.3d 651, 655 (8th Cir 2006).

First, Carpenter argues that his sentence violates the Sixth Amendment in light of *Blakely v. Washington*, 542 U.S. 296 (2004). He asserts the district court, in denying a sentence reduction, relied on facts not charged in the indictment or found beyond a reasonable doubt by a jury.

Under "*Apprendi*, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Cunningham v. California*, __ U.S. __, 127 S. Ct. 856, 864 (2007) *quoting Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts ... admitted by the defendant." *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (emphasis omitted). The Sixth Amendment is not implicated by "the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." *United States v. Booker*, 543 U.S. 220, 233 (2005). "For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Id*.

In this case, Carpenter was indicted and pled guilty to three counts of conspiracy and possession of meth. For each count, Carpenter was sentenced to 210

months in prison with five years' supervised release, each sentence running concurrently. Using only facts admitted by his guilty plea, Carpenter's sentence was within the statutory ranges. The district court did not rely upon any fact that increased Carpenter's sentence beyond the prescribed statutory maximum. Thus, the Sixth Amendment is not implicated.

Second, Carpenter contends, due to his objections to the PSR, that insufficient evidence supported denying a mitigating-role sentence reduction. Carpenter further argues that he admitted to significantly smaller meth amounts than his co-conspirators, who were more heavily involved in the conspiracy.

"A PSR is not evidence." *United States v. Jenners*, 473 F.3d 894, 897 (8th Cir. 2007). However, the "sentencing court may accept the facts in a PSR as true unless the defendant objects to specific factual allegations." *United States v. Sorrells*, 432 F.3d 836, 838 (8th Cir. 2005). In this case, Carpenter assured the court that only legal objections were made (with the exception of paragraph 31 concerning role adjustment).

"The defendant bears the burden of establishing entitlement to the reduction." *United States v. Cubillos*, 474 F.3d 1114, 1120 (8th Cir. 2007). "A defendant may be eligible for the minor-role adjustment if his culpability is relatively minor compared to other participants, but the mere fact of lesser culpability does not entitle him to the reduction." *United States v. Lopez*, 414 F.3d 954, 961 (8th Cir. 2005); *United States v. Johnson*, 358 F.3d 1016, 1018 (8th Cir. 2004). "In cases in which the defendant is one of several participants in a conspiracy, he must show that his culpability was relatively minor compared to that of the other participants and that he was not deeply involved in the offense." *United States v. Lopez-Vargas*, 457 F.3d 828, 831 (8th Cir. 2006); *see United States v. Denton*, 434 F.3d 1104, 1115 (8th Cir. 2006) ("A less culpable defendant is not entitled to reduction if he was 'deeply involved' in the offense").

The "test for whether a reduction is appropriate is to compare the acts of the defendant 'in relation to the relevant conduct for which the participant is held accountable' and measure 'each participant's individual acts and relative culpability against the elements of the offense.'" ***Gomez Godinez***, 474 F.3d at 1042-43 *quoting* ***Johnson***, 408 F.3d at 538-39.

In the present case, after hearing all evidence offered by Carpenter about roles within the conspiracy, the court determined that sentence reduction was not warranted. The uncontested facts show that meth, intended for distribution, twice was seized from Carpenter's home, and that he conspired to distribute over 500 grams of meth. *Cf.* ***United States v. Poor Bear***, 359 F.3d 1038, 1042 (8th Cir. 2003). The record also shows that Carpenter received meth from another supplier, an un-charged co-conspirator, and distributed three pounds of meth during the conspiracy. *See* ***Cubillos***, 474 F.3d at 1120 ("The evidence before the district court showed that [the defendant's] role was to distribute methamphetamine, the intended object of the conspiracy. This is more than sufficient to show deep involvement in the offense"). Further, this court has "consistently rejected [the] argument that a distributor of controlled substances deserves a minor-role reduction simply because of the presence of a larger-scale upstream distributor." ***Id***. Accordingly, the district court did not clearly err in denying Carpenter a mitigating-role sentence reduction.

The judgment of the district court is affirmed.

_____