# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2599

———————

United States of America,       *
                                   *

       Plaintiff - Appellee,    *
                        *   Appeal from the United States

    v.                       *   District Court for the
                                    *   Northern District of Iowa.

Tramain M. Whiting,       *
                                   *

       Defendant - Appellant.   *
                                   *

———————

Submitted: March 11, 2008
Filed: April 10, 2008

———————

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

———————

MURPHY, Circuit Judge.

Tramain Whiting was convicted of multiple drug and firearm offenses and was sentenced to 195 months. Whiting appeals his sentence, alleging that the district court[1] erred by enhancing his sentence for obstruction of justice, by including too much as relevant conduct, and by not crediting him for a minimal role. He also contends that the district court should have granted his request for a variance based

———————

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

on a pending amendment which would reduce the advisory guideline ranges associated with crack cocaine. We affirm the district court's application of the sentencing guidelines then in effect but remand for its consideration of whether Whiting's sentence should be modified in light of the now effective amendments which have been made retroactive by the United States Sentencing Commission.

Tramain Whiting and his cousin, Brian Whiting, drove from Chicago to Cedar Rapids on November 5, 2006. They stayed in Cedar Rapids for a few days with Tramain's brother Darius before a planned trip to Tennessee. The Whitings were unaware that Darius and Brian were under investigation for drug trafficking and that Darius's house was under surveillance by the Cedar Rapids police. When officers saw the three men leave the house by car on November 7, they attempted an identification stop of the car which Tramain was driving. He initially pulled over, but then decided to speed off. After driving a few blocks, he stopped briefly to let Darius and Brian out of the car and then continued a little farther before coming to a stop and being taken into custody. Darius and Brian tried to flee on foot but were caught after a short chase.

All three were arrested, and officers seized a handgun from Brian and 2.6 grams of crack cocaine from Darius. A handgun and magazine were found in the area where Darius had been running. Although the magazine had Tramain's fingerprints on it, he did not have any weapons or drugs when arrested. Officers searched Darius's residence pursuant to a warrant and found 192 grams of cocaine, 208.2 grams of cocaine base, 14.62 grams of marijuana, two handguns (one of which had an obliterated serial number), and more than $34,000 in cash. Following his arrest and Miranda warning, Darius admitted that the seized drugs and firearms belonged to him.

Tramain, Darius, and Brian Whiting were all indicted on multiple counts related to drugs and firearms, but a superseding indictment followed which charged only Darius and Tramain. Tramain's case went to trial before a jury, which heard

conflicting evidence about his involvement in the drug activity. When the three Whitings were arrested, they had been on their way to do a drug transaction at a local store, but both brothers denied at trial that Tramain had known about the planned deal. Tramain testified that after his arrest he had learned about it from Officer Moyle. Officer Moyle testified to the contrary, telling the jury that Tramain had told him during his post arrest interview that he had been aware that they were on their way to a drug deal. Brian testified that he had also seen Tramain retrieve drugs from a bedroom and hand them to two of Darius's customers, but both brothers denied that Tramain had handed drugs to any customer or otherwise assisted with manufacturing or dealing drugs.

The jury acquitted Tramain Whiting of conspiracy to manufacture, distribute, and possess with intent to distribute a mixture or substance containing crack and cocaine within 1000 feet of a protected location (Count 1), but convicted him of: possessing with intent to distribute and aiding and abetting the possession with intent to distribute less than 5 grams of crack (Count 2)[2] and 2.6 grams of crack (Count 3) within 1000 feet of a protected location; carrying, using, and possessing a firearm in furtherance of a drug offense and aiding and abetting such use of a firearm (Count 4); and conspiracy to aid and abet using, carrying, and possessing a firearm in furtherance of a drug offense (Count 5).

At the sentencing hearing on July 2, 2007 the district court calculated Tramain Whiting's base offense level at 33 for Counts 2 and 3, then imposed a two level increase for obstruction of justice after finding that he had committed perjury and also suborned perjury from Darius Whiting. The court granted a two level reduction for minor role, arriving at an adjusted offense level of 33. Counts 2, 3, and 5 were then

---

[2]Count 2 of the superseding indictment alleged 192 grams of cocaine and 207.2 grams of crack, but the presentence investigation report indicates that this count was amended after the jury found that Whiting was involved with less than 5 grams of crack.

grouped as closely related offenses. See U.S.S.G. § 3D1.2.[3] With a criminal history category of I, Tramain Whiting's guideline range was 135 to 168 months, although the court did not expressly state this in the transcript of the sentencing hearing. After considering the factors in 18 U.S.C. § 3553(a), the district court imposed a sentence of 135 months on Counts 2, 3, and 5, plus a consecutive 60 month sentence on Count 4. Whiting asked for a downward variance pursuant to 18 U.S.C. § 3553(a), arguing that he was entitled to a lower sentence based on a pending amendment to the guidelines affecting crack offenses and the sentencing disparities between powder and crack cocaine. The court denied the request and sentenced him to 195 months.

Whiting appeals his sentence, alleging that the district court erred in its calculation of his guideline range and that it should have granted the variance he requested, suggesting that his sentence is unreasonable. The government argues that the district court did not err or abuse its discretion in imposing the sentence, that it fell within the guideline range, and that it was reasonable. We review the sentence imposed for reasonableness, first "ensur[ing] that the district court committed no significant procedural error." Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Washington, 515 F.3d 861, 865 (8th Cir. 2008). If we determine the district court's decision is "procedurally sound," we move on to "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall, 128 S. Ct. at 597; Washington, 515 F.3d at 865. We may apply a presumption of reasonableness to a sentence within the guideline range but are not required to do so. Gall, 128 S. Ct. at 597, citing Rita v. United States, 127 S. Ct. 2456 (2007). A district court's application of the advisory guidelines is reviewed de novo,

---

[3]Before grouping Count 5 with Counts 2 and 3, the district court calculated an adjusted offense level of 18 for Count 5. This level reflected upward adjustments, under U.S.S.G. § 2K2.1(b)(1)(A) and U.S.S.G. § 2K2.1(b)(4), for the number of firearms involved and an obliterated serial number on one of the guns; these adjustments had no effect on the final sentence because of the grouping involved.

while findings of fact are reviewed for clear error. See United States v. Flying By, 511 F.3d 773, 778 (8th Cir. 2007) (citations omitted).

Whiting first challenges the district court's imposition of a two level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. We review a district court's factual findings underlying such an enhancement for clear error, United States v. Mendoza-Gonzalez, 363 F.3d 788, 796 (8th Cir. 2004), giving great deference to the sentencing court's determination. United States v. Denton, 434 F.3d 1104, 1114 (8th Cir. 2006).

U.S.S.G. § 3C1.1 provides for a two level enhancement for obstruction of justice if the defendant has committed perjury or suborned perjury by another witness. U.S.S.G. § 3C1.1 & app. n. 4(b); see also United States v. Flores, 362 F.3d 1030, 1037 (8th Cir. 2004). A defendant commits perjury by testifying falsely under oath in regard to a material matter and by doing so willfully, rather than out of confusion, mistake, or faulty memory. See United States v. Dunnigan, 507 U.S. 87, 94-95 (1993); see also United States v. Vinton, 429 F.3d 811, 818 (8th Cir. 2005). A defendant suborns perjury by procuring another to commit perjury. See 18 U.S.C. § 1622. Before imposing an enhancement under § 3C1.1, the district court "must review the evidence and make independent findings necessary to establish a willful impediment to, or obstruction of, justice." Dunnigan, 507 U.S. at 95; see also Mendoza-Gonzalez, 363 F.3d at 796. The government bears the burden of proving the facts to support such findings by a preponderance of the evidence. Vinton, 429 F.3d at 818.

Whiting argues that the government did not show that he willfully committed or suborned perjury. During the sentencing hearing the district court found by a preponderance of the evidence that Whiting had done both. These findings were supported by the testimony of Brian Whiting and Officer Moyle although it conflicted with that of Darius and Tramain Whiting. A sentencing enhancement under U.S.S.G.

§ 3C1.1 may be based on the experienced trial judge's finding that the defendant lied to the jury. Denton, 434 F.3d at 1114. Whiting contends that the district court did not make specific findings as to each element of obstruction of justice or perjury. While "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding," it is sufficient if "the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." Dunnigan, 507 U.S. at 95; see also Denton, 434 F.3d at 1114; Vinton, 429 F.3d at 818. The sentencing judge here exceeded this standard by pointing to specific parts of the testimony of Tramain and Darius Whiting in which it found they had intentionally lied to the jury. We conclude that the district court did not clearly err in applying an adjustment for obstruction of justice.

Whiting next contends that the district court erred by counting the drugs and guns seized from his brother's house as relevant conduct for purposes of calculating his sentence. He claims that the jury only held him responsible for a total of 7.6 grams of crack and that he personally did not have a weapon. The government argues that the district court correctly included the drugs and firearms from the house as relevant conduct. We review a sentencing court's relevant conduct findings for clear error as these are fact intensive determinations. United States v. Ault, 446 F.3d 821, 823 (8th Cir. 2006). Relevant conduct for sentencing purposes includes all acts and omissions of the defendant that were "part of the same course of conduct or common scheme or plan as the offense of conviction" and "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1) & (2); see Ault, 446 F.3d at 823; see also Flying By, 511 F.3d at 778. The sentencing court is not prohibited from considering uncharged or acquitted conduct. See Flying By, 511 F.3d at 779 (acquitted conduct); United States v. Griggs, 71 F.3d 276, 281 (8th Cir. 1995) (district court must consider all relevant conduct "whether uncharged, charged, or charged and dismissed").

The district court found by a preponderance of the evidence that Whiting was accountable for over 4000 kilograms of marijuana equivalent drugs. Evidence at trial indicated that Whiting knew about the drug trafficking and manufacturing in the house, had access to the guns and drugs there, had handled and moved some of those guns, and had retrieved drugs from one room of the house for delivery to two customers. He was driving the car on the way to the anticipated drug deal, and he expected that Darius and Brian Whiting would flee when he stopped the car to let them out during the police chase. Although Whiting objects to using the guns found in the house to increase his offense level on Count 5, that increase had no effect on his sentence because Count 5 was ultimately grouped with Counts 2 and 3. We conclude that the district court did not clearly err by considering the drugs and firearms in the house as relevant conduct. See United States v. Alexander, 408 F.3d 1003, 1009-10 (8th Cir. 2005); see also United States v. Gordon, 510 F.3d 811, 817-18 (8th Cir. 2007).

Whiting contends that he was entitled to more than a two level downward adjustment for minor role and that he should instead receive a four level reduction for minimal role. We review the district court's finding for clear error. United States v. Carpenter, 487 F.3d 623, 625 (8th Cir. 2007). Sentencing guideline § 3B1.2 authorizes a decrease of two to four levels to reflect a defendant's mitigating role in any criminal activity. U.S.S.G. § 3B1.2; see also United States v. Thurmon, 278 F.3d 790, 792 (8th Cir. 2002). A defendant may qualify for a four level decrease as a minimal participant if he is "plainly among the least culpable" of those involved and lacks knowledge of "the scope and structure of the enterprise and of the activities of others." U.S.S.G. § 3B1.2(a) & app. n. 4; see also Denton, 434 F.3d at 1114-15. He may receive a two level decrease as a minor participant if he is "less culpable than most other participants, but [his] role could not be described as minimal." U.S.S.G. § 3B1.2(b) & app. n. 5; see also Denton, 434 F.3d at 1115. The defendant bears the burden of establishing that he is entitled to such a reduction, and the "test for whether a reduction is appropriate is to compare the acts of the defendant in relation to the

relevant conduct for which the participant is held accountable and measure each participant's individual acts and relative culpability against the elements of the offense." Carpenter, 487 F.3d at 626 (internal quotations and citations omitted).

Because Whiting was held responsible only for what occurred between November 5 through 7, 2006, his role in the offense must be based on the relevant conduct during that time rather than the overall scope of the conspiracy. See United States v. Speller, 356 F.3d 904, 907 (8th Cir. 2004). Although Whiting argues that he was only implicated in the criminal activity because the surveillance and arrests happened to coincide with his visit to Cedar Rapids, he cannot be considered a minimal participant since he had "knowledge of the scope and structure of the conspiracy and observed the activities of others in the conspiracy." Denton, 434 F.3d at 1115. Trial evidence showed Whiting knew that Darius Whiting had manufactured crack in the house during his visit, observed customers come and go, handed drugs to two customers, drove to a drug deal, and knew of and moved the guns around the house. The district court did not err by declining to grant a four level reduction for minimal role.

Whiting requested a downward variance in his sentence under 18 U.S.C. § 3553(a) based on the disparity between crack and powder cocaine sentencing ranges and the related guideline amendment enacted by the United States Sentencing Commission which had not yet taken effect at the time of his sentencing on July 2, 2007. Amendment 706 to the sentencing guidelines changed the drug quantity table in U.S.S.G. § 2D1.1 and decreased by two the base offense level assigned to each threshold quantity of crack. See U.S.S.G. § 2D1.1; U.S.S.G. app. C, amend. 706 (Supp. 2007); see also United States v. King, No. 07-1961, 2008 WL 596728, *4 (8th Cir. 2008). This amendment was submitted to Congress on May 1, 2007 and became effective on November 1, 2007. See U.S.S.G. app. C, amend. 706 (Supp. 2007); Sentencing Guidelines for United States Courts, 72 Fed. Reg. 28,558 (May 21, 2007).

(Amendments enacted by the Sentencing Commission automatically take effect absent congressional action within 180 days. See 28 U.S.C. § 994(p).)

The district court declined to vary downward and stated that even if it were to vary, it would not go below a total offense level of 31. The 135 month sentence it imposed was at the bottom of the guideline range for offense level 33 and criminal history category I. Although the court did not specify what that range was, it stated that the range would overlap with that for offense level 31 (108 to 135 months). The court also stated that its sentence would be the same whether or not the pending amendment became law.

Some time after Whiting was sentenced, modifications to the commentary for the drug tables in U.S.S.G. § 2D1.1 were published as Amendment 711, also with an effective date of November 1, 2007. See U.S.S.G. app. C, amend. 711 (Supp. 2007); Sentencing Guidelines for United States Courts, 72 Fed. Reg. 51,882 (Sept. 11, 2007). This commentary is an application note which addresses the conversion of drug quantities to marijuana equivalents for offenses which involve crack and other controlled substances and which would apply here since three types of drugs including crack were involved in the Whitings' offenses. See U.S.S.G. app. C, amend. 711 (Supp. 2007). This amendment also became effective on November 1, 2007, and the Commission later decided to make both amendments retroactive as of March 3, 2008. See U.S.S.G. app. C, amend. 713 (Supp. 2008); Sentencing Guidelines for United States Courts, 73 Fed. Reg. 217 (Jan. 2, 2008).

Whiting argues that his case should be remanded for resentencing in light of these amendments, contending that they would reduce his sentencing range. The government responds that resentencing is unnecessary since the district court already indicated that its sentence would not be affected by Amendment 706, sentencing him at a point at the bottom of the original guideline range and at the top of the range which would apply if Amendment 706 became effective. Whiting responds that the

sentencing court did not have the new drug table and relevant commentary at the time of his sentencing and that it cannot be known how the court might have been influenced by this information since it also affects factors that must be considered under 18 U.S.C. § 3553(a).

A sentencing court has discretionary authority, under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, to reduce the term of imprisonment for a defendant such as Whiting who was sentenced based on a guideline range subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10; see also United States v. Wyatt, 115 F.3d 606, 608 (8th Cir. 1997). When exercising this discretion, the district court must first calculate the amended guideline range and determine what sentence it would have imposed had the new sentencing range been in effect at the original sentencing. Id. at 609-09. It must then consider "that determination together with the general sentencing considerations contained in [18 U.S.C. §] 3553(a) and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed." Id. at 609.

When an amendment to the guidelines becomes retroactive during the appellate proceedings on a case, it may be remanded to the district court for determination of whether the amendment warrants a sentence reduction. See United States v. Coohey, 11 F.3d 97, 101 (1993); cf. King, 2008 WL 596728, *4 (defendant's "request for reduction of sentence in light of Amendment 706 must be decided by the district court in the first instance").[4] Such a remand is appropriate here because the sentencing court did not have the benefit of the amendments in their final form and those amendments affect some of the § 3553(a) factors which are to be considered in

---

[4]Pursuant to 18 U.S.C. § 3582(c)(2), the sentencing court may consider reducing the term of imprisonment for a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission on the court's own motion, or on a motion by the defendant or the Bureau of Prisons. 18 U.S.C. § 3582(c)(2); see also Coohey, 11 F.3d at 101 n.3.

imposing a sentence, including the sentencing range in § 3553(a)(4). Accordingly, we remand the case to the district court for consideration of whether Whiting's sentence should be modified in light of these retroactive amendments to the guidelines affecting crack.

In sum, we affirm the district court's enhancement for obstruction of justice, its relevant conduct findings, and its reduction for minor rather than minimal role. Because of the recent retroactive changes in the sentencing guidelines pertaining to crack, we remand Whiting's sentence for further proceedings in accordance with this opinion.

_____