# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3596

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Montrivel Deon Woods, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 14, 2008
Filed: July 11, 2008

_____

Before RILEY, BOWMAN, and HANSEN, Circuit Judges.

_____

RILEY, Circuit Judge.

Montrivel Deon Woods (Woods) appeals his 248 month sentence for conspiracy to distribute five grams or more of crack cocaine, after having previously been convicted of two felony drug offenses, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); 846 and 851. We remand for resentencing.

## I.      BACKGROUND

Woods contends his sentence was unreasonable, in part, because, although the district court sentenced Woods pursuant to the sentencing guidelines in effect at the time of his sentencing, the 100:1 crack/powder ratio then in effect "was expected to

be partially rectified in a matter of days by an amendment to the advisory guidelines." The district court recognized the pending amendment and stated it was "sympathetic to the fact [the guidelines] could be changed." The district court explained Woods's sentencing range under the current guidelines was 292 to 365 months, and the range under the proposed amendment would be 235 to 293 months. The district court noted there was an overlap between these two ranges: 292 months. Thus, the district court initially calculated a "reasonable sentence" for Woods at 292 months, and emphasized it would impose the chosen 292 months "even if . . . Congress were to adopt the new guidelines . . . ." The district court next granted the government's United States Sentencing Guidelines (U.S.S.G.) § 5K1.1 departure motion for substantial assistance, denied Woods's motion for a downward variance, and sentenced Woods to 248 months imprisonment.

## II.   DISCUSSION

Woods challenges the reasonableness of his sentence in light of Kimbrough v. United States, ___ U.S. ___, 128 S. Ct. 558 (2007) and the retroactive crack/powder guidelines amendments. The crack/powder ratio amendment, Amendment 711 modifying drug tables at U.S.S.G. § 2D1.1, was published with an effective date of November 1, 2007, and became retroactive as of March 3, 2008. See U.S.S.G. app. C, amend. 711 (Supp. 2007) & amend. 713 (Supp. 2008).

Woods's case is logically indistinguishable from the sentence we recently remanded for reconsideration in United States v. Whiting, 522 F.3d 845 (8th Cir. 2008). In Whiting, the district court also noted an overlap between the sentencing ranges under the current and pending guidelines, imposed a sentence within that range, and stated it would impose the same sentence "whether or not the pending amendment became law." Id. at 852. We explained, "When an amendment to the guidelines becomes retroactive during the appellate proceedings on a case, it may be remanded to the district court for determination of whether the amendment warrants

a sentence reduction." Id. at 853 (citations omitted); see also 18 U.S.C. § 3582(c)(2). We concluded:

> Such a remand is appropriate here because the sentencing court did not have the benefit of the amendments in their final form and those amendments affect some of the § 3553(a) factors which are to be considered in imposing a sentence, including the sentencing range in § 3553(a)(4).

Id. We "remand[ed] the case to the district court for consideration of whether [the] sentence should be modified in light of [the] retroactive amendments to the guidelines affecting crack." Id. Given the similarities between Whiting and Woods's case, it would be inconsistent to treat the matters differently.

## III. CONCLUSION

We remand Woods's sentence "to the district court for consideration of whether [Woods's] sentence should be modified in light of [the] retroactive amendments to the guidelines affecting crack." Id.

_____