# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2113

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Deven W. Race, | * | |
| | * | |
| Appellant. | * | [UNPUBLISHED] |
| | * | |
| | * | |

_____

Submitted: January 11, 2010
Filed: February 1, 2010

_____

Before GRUENDER and SHEPHERD, Circuit Judges, and JARVEY,[1] District Judge.

_____

PER CURIAM.

Deven Race appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on the grounds that: (1) there was insufficient

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

evidence to sustain his conviction; and (2) the district court[2] improperly applied a sentence enhancement under the United States Sentencing Guidelines ("USSG") §2K2.1(b)(6). We affirm.

**Sufficiency of the evidence.** We "review the sufficiency of the evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict. This standard of review is strict; we will uphold the verdict if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt." United States v. Cole, 525 F.3d 656, 661 (8th Cir. 2008) (internal quotation marks and citation omitted).

After viewing the evidence in the light most favorable to the government, we conclude the evidence is sufficient to show Race possessed a firearm. Race's co-defendant Theron Davis testified that Race brought the shotgun to Davis's house and loaded it with ammunition before the carjacking. The shotgun was used in a carjacking in which Race participated, according to both the victim and Race's co-defendant. The shotgun was found sitting across the center console of the car, right next to Race who was in the front passenger seat. Race told the police that he handled the gun and that his DNA would be on it. This evidence is sufficient to sustain Race's conviction for being a felon in possession of a firearm.

**The sentencing enhancement.** We also conclude the district court properly imposed the four-level enhancement under USSG §2K2.1(b)(6) based on Race's participation in the carjacking which precipitated his arrest. We review a district court's factual findings regarding enhancements for clear error. United States v. Pate, 518 F.3d 972, 975 (8th Cir. 2008) (quotation omitted). Based on the evidence

---

[2] The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

presented by the government during the trial, we find no clear error in the district court's finding that the government proved by a preponderance of the evidence that Race possessed the shotgun in connection with the carjacking.[3] At trial, both the victim and Race's co-defendant testified that Race participated in the carjacking, and the co-defendant testified that Race provided the shotgun for the carjacking. The shotgun was recovered from the stolen car Race occupied when he was arrested shortly after the carjacking. This is sufficient evidence from which the district court could conclude that Race possessed the shotgun in connection with the carjacking.

Race argues that the application of the enhancement based on conduct of which Race was acquitted was improper. However, "[t]he sentencing court is not prohibited from considering uncharged or acquitted conduct." United States v. Whiting, 522 F.3d 845, 850 (8th Cir. 2008)(citations omitted). Indeed, we have routinely upheld sentencing enhancements based on uncharged or acquitted conduct. See, e.g., United States v. Howe, 538 F.3d 842, 855 (8th Cir. 2008); United States v. Canania, 532 F.3d 764, 771 (8th Cir. 2008); United States v. No Neck, 472 F.3d 1048, 1055 (8th Cir. 2007). Race's argument that there was no proof at the sentencing hearing itself is unavailing, because at sentencing the district court is entitled to rely on evidence

---

[3] We disagree with Race's contention that there was no finding by the district court. Paragraph 20 of the Presentence Investigation Report reads in part: "Because the defendant possessed a weapon in connection with another felony offense (carjacking), a four-level enhancement is warranted, pursuant to 2K2.1(b)(6)." The district court stated at the sentencing hearing: "With regard to the four-point enhancement, I tend to agree with the line of cases allowing the court to consider relevant conduct, even though it may not have been proved beyond a reasonable doubt to the jury, and I'm going to allow that four-point enhancement to stand." (Sentencing Hearing Tr. 7.) In this context, the only sensible interpretation of the language of the district court is that it constitutes a finding by at least a preponderance of the evidence that Race possessed the shotgun in connection with the carjacking.

adduced at trial.  See <u>United States v. Papakee</u>, 573 F.3d 569, 576 (8th Cir. 2009); <u>Howe</u>, 538 F.3d at 855; <u>Whiting</u>, 522 F.3d at 850-51.

Accordingly, we affirm.

_____