# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1364

_____

United States of America,

        Appellee,

v.

Montrivel Deon Woods,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa.
\*
\*
\*

_____

Submitted: November 18, 2009
Filed: May 10, 2010

_____

Before RILEY, Chief Judge[1], WOLLMAN and SHEPHERD, Circuit Judges.

_____

RILEY, Chief Judge.

Montrivel Woods (Woods) pled guilty to conspiracy to distribute crack cocaine. After Woods was sentenced, the United States Sentencing Guidelines (Guidelines or U.S.S.G.) were amended to reduce the sentencing disparity between crack cocaine and powder cocaine offenses. We remanded for resentencing in light of the retroactive amendments to the Guidelines. See United States v. Woods, 531 F.3d 701, 703 (8th

_____

[1]The Honorable William Jay Riley became Chief Judge of the Untied States Court of Appeals for the Eighth Circuit on April 1, 2010.

Cir. 2008).  Woods now appeals the sentence the district court[2] imposed following our remand, arguing the district court failed to consider all of the 18 U.S.C. § 3553(a) factors and imposed an unreasonable sentence.  We affirm.

## I.    BACKGROUND

Woods pled guilty to conspiring to distribute 5 grams or more of crack cocaine after having previously been convicted of two felony drug offenses, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and 851.  At Woods's original sentencing hearing on October 11, 2007, the district court determined Woods's adjusted offense level was 35 and his criminal history category was VI, resulting in an advisory Guidelines range of 292 to 365 months imprisonment.

Woods requested that the district court vary downward from the advisory Guidelines range due to a pending amendment to the Guidelines which would address the disparity in sentencing between crack cocaine and powder cocaine offenses.  The district court was "sympathetic to the fact [the Guidelines] could be changed"; however, the district court explained, at best, the proposed amendment would reduce Woods's offense level to 33, and the district court "[felt] that a reasonable sentence [was] 292 months, which would be the bottom of the range under 35, [VI] and the top of the range of 33, [VI]."  The district court declared 292 months would be the appropriate sentence, even "if Congress were to adopt the new guidelines," due to Woods's extensive criminal history, especially his assaultive behavior, his "very high risk to recidivate," and the amount of drugs involved.  The district court then granted the government's motion for a substantial assistance downward departure pursuant to U.S.S.G. § 5K1.1, applied a 15% downward departure, and sentenced Woods to 248 months imprisonment.

---

[2]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

The new amendment to the Guidelines became effective on November 1, 2007, and was retroactive effective March 3, 2008. See Woods, 531 F.3d at 702. Woods appealed his sentence, "challeng[ing] the reasonableness of his sentence in light of Kimbrough v. United States, [552 U.S. 85] (2007) and the retroactive crack/powder guidelines amendments." Id. We remanded the case "to the district court for consideration of whether Woods's sentence should be modified in light of the retroactive amendments to the guidelines affecting crack." Id. at 703 (quotation and alterations omitted).

The district court resentenced Woods on February 11, 2009. Woods's adjusted offense level decreased to 33 as a result of the amendments to the Guidelines, and his revised advisory Guidelines range was 235 to 293 months imprisonment. In light of the 15% downward departure the district court previously granted for substantial assistance, the district court observed Woods's effective range was 200 to 249 months imprisonment. Woods requested a sentence of 200 months, the low end of the effective range. The district court declared, "I think I made it clear that regardless of what happened with the advisory guidelines, whether they were retroactively amended, that the Court felt the sentence of 248 months was appropriate . . . after analyzing all the statutory factors." After recounting Woods's extensive criminal history and considering the 18 U.S.C. § 3553(a) factors, the district court again sentenced Woods to 248 months imprisonment.

## II.    DISCUSSION
### A.      18 U.S.C. § 3553(a) Sentencing Factors
Woods first claims the district court failed to consider all of the 18 U.S.C. § 3553(a) factors in imposing his sentence. Because Woods did not raise this objection at his resentencing hearing, we review his claim for plain error. See United States v. Moore, 565 F.3d 435, 437 (8th Cir. 2009) ("We apply a plain-error standard of review to [defendant's] claims that the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors and failed to sufficiently explain its sentencing

decision because [defendant] did not raise these claims at sentencing." (citation omitted)). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." Id. (quoting United States v. Phelps, 536 F.3d 862, 865 (8th Cir. 2008)).

Woods argues, had the district court considered 18 U.S.C. § 3553(a)(4), the district court "could not have imposed the same sentence for both the original sentencing and the resentencing." Section 3553(a)(4) requires the district court to consider "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." Woods insists, while "none of the other sentencing factors changed adversely," "§3553(a)(4) shifted dramatically in favor of a lower sentence."

Although the district court found a sentence at the bottom of the advisory Guidelines range was appropriate when the range was 292 to 365 months, the district court was not required to sentence Woods to the bottom of the revised range when the range became 235 to 293 months as a result of the retroactive amendments to the Guidelines. At resentencing, the district court properly calculated Woods's new advisory Guidelines range, as required by 18 U.S.C. § 3553(a)(4), and accounted for the 15% substantial assistance downward departure the court previously granted. The district court then recited Woods's criminal history and explained that this history, as well as the amount of drugs involved, formed the bases of the district court's sentence. The district court explicitly stated, "I make this decision after considering all the statutory factors at 18 United States Code Section 3553(a)." We have no reason to question the district court's statement. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) ("In determining whether a district court committed procedural error, we do not require a district court to provide a mechanical recitation of the § 3553(a) factors when determining a sentence. Rather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors in

determining the sentence." (quotation and alteration omitted)).  We conclude the district court did not commit plain procedural error.

###    B.    Reasonableness of the Sentence

Having found no procedural error, we turn to Woods's second argument that the district court imposed an unreasonable sentence.  We review the reasonableness of a sentence under an abuse of discretion standard.  See Gall v. United States, 552 U.S. 38, 51 (2007) (standard of review).  As an appellate court, we may apply a presumption of reasonableness to a sentence within the advisory Guidelines range. See id. (citation omitted).  Woods urges us to find his sentence substantively unreasonable based on the district court's failure to take into account the impact of the crack cocaine amendment and the sentencing disparity between crack cocaine and powder cocaine offenses.  The district court did consider the amendment to the Guidelines when it recalculated Woods's new offense level.  While the district court would have been within its discretion to consider further the crack versus powder cocaine disparity in arriving at Woods's sentence, the district court was not *required* to apply this consideration by lowering Woods's sentence further.  See United States v. Saddler, 538 F.3d 879, 891 (8th Cir. 2008) (declaring, "a district court does not abuse its discretion when it fails to consider the crack/powder sentencing disparity").

"[G]iv[ing] due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" Woods's sentence, our review of Woods's sentence reveals no abuse of the district court's considerable discretion and no basis for concluding Woods's within Guidelines sentence is substantively unreasonable. Gall, 552 U.S. at 51.

### III.    CONCLUSION

For the reasons stated in this opinion, we affirm the district court's judgment and Woods's sentence.

_____