# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2577

_____

United States of America

*Plaintiff - Appellee*

v.

Adam Lawin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: February 9, 2015
Filed: March 5, 2015
[Published]

_____

Before BYE, BRIGHT, and BENTON, Circuit Judges.

_____

PER CURIAM.

Adam Lawin pleaded guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.

The district court[1] sentenced him to 147 months' imprisonment and 5 years' supervised release. Lawin argues the district court erred in denying his motion for a downward variance and in denying his request to continue the sentencing hearing. We affirm.

In early 2012, Lawin began to purchase and distribute 3,4-methylenedioxymethamphetamine, also known as MDMA or ecstasy. The government charged him with one count of conspiring to distribute a controlled substance and one count of possessing with intent to distribute a controlled substance. In February 2014, Lawin pleaded guilty to the conspiracy count pursuant to a plea agreement. The district court calculated Lawin's sentencing guidelines range to be 135 to 168 months and sentenced him to 147 months' imprisonment. Before the sentencing hearing on June 19, 2014, both parties asked the court to vary downward by two levels in anticipation of Amendment 782 to the United States Sentencing Guidelines.[2] At the sentencing hearing, the district court recognized it had the authority to vary downward but declined to do so, explaining the then-proposed amendment was not guaranteed to take effect.

On appeal, Lawin argues the district court erred in denying the motion to vary downward by two levels from the correctly calculated guidelines range in anticipation of Amendment 782. Our case law on this issue is clear: "[T]he district court was not required to consider the pending guidelines amendment. Consideration of the pending amendment is merely permissible, not required." United States v. Allebach, 526 F.3d 385, 389 (8th Cir. 2008); United States v. Davis, 276 F. App'x 527, 528 (8th

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

[2]Amendment 782 became effective November 1, 2014, and applies retroactively to reduce most drug quantity base offense levels by two levels. See United States v. Thomas, 775 F.3d 982, 982 (8th Cir. 2014).

Cir. 2008) (rejecting the argument that "the district court imposed an unreasonable sentence because it failed to consider a proposed amendment to the Guidelines that would have lowered the advisory Guidelines imprisonment range"); United States v. Harris, 74 F.3d 1244 (8th Cir. 1996). The district court considered and rejected prospectively applying Amendment 782. It did not err in so doing. Without any supporting authority, the dissent attempts to distinguish our case law on the basis that this case involves a different amendment and states that "[t]he applicability of the cases [above] . . . may be questionable." However, our holdings were not limited to any specific amendment. Moreover, they follow the firmly-established principle that the court must apply the Sentencing Guidelines in effect at the time of sentencing unless doing so would violate the ex post facto clause of the United States Constitution. See, e.g., United States v. Adams, 509 F.3d 929, 932 n.4 (8th Cir. 2007).

Lawin also argues the district court erred in denying his request to continue the sentencing hearing until after November 1, 2014. "We will reverse a district court's decision to deny a motion for continuance only if the court abused its discretion and the moving party was prejudiced by the denial." United States v. Woods, 642 F.3d 640, 644 (8th Cir. 2011) (internal quotation marks omitted). Lawin argues the denial of the continuance prejudiced him because it deprived him of the benefit of Amendment 782, but he fails to articulate how the court abused its discretion in denying the continuance. We find no abuse of discretion. See id. at 644-45 (rejecting appellant's argument that the district court abused its discretion in denying his motion for a continuance until an amendment to the Guidelines took effect); United States v. McBride, 426 F. App'x 471, 474 (8th Cir. 2011); United States v. Scallion, 83 F.3d 425 (8th Cir. 1996).

To address the dissent's concern, we note that Lawin has not been deprived of the opportunity to pursue the benefit of Amendment 782. See 18 U.S.C. § 3582(c)(2) ("[I]n the case of a defendant who has been sentenced to a term of imprisonment

based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."). The dissent believes the opportunity to pursue relief under § 3582(c)(2) renders the issues on appeal moot because Lawin is "entitled to the relief he now seeks regardless of the outcome of this appeal." However, Lawin has neither received the relief he seeks in this appeal nor is he guaranteed to receive it under § 3582(c)(2). See United States v. Hasan, 245 F.3d 682, 684 (8th Cir. 2001) (en banc) ("[T]he district court retains the discretion to determine whether to resentence the defendant within the new lower range. It is not required to do so, and a new lesser sentence is not to be automatically awarded."). Moreover, whether Lawin is entitled to a reduction in his sentence based on § 3582(c)(2) is a separate question from whether the district court erred in denying his motions.

Finally, the dissent asserts remand is appropriate so as not to "delay any further the remedy that Lawin deserves." However, it acknowledges "the district court may immediately hold a hearing to rule on Lawin's eligibility for a sentence reduction and determine that reduction." We do not believe our holding causes any delay or deprives Lawin of a benefit he may be entitled to, nor do we perceive any material benefit in remanding. Cf. United States v. Yanez-Estrada, No. 14-2989, 2015 WL 508862, at *1 (8th Cir. Feb. 9, 2015) ("This court notes that any claim for a sentence reduction based on Guidelines Amendment 782 . . . should be raised in a sentence-reduction motion filed in the district court."); United States v. Hayden, 775 F.3d 847, 850 (7th Cir. 2014) ("[Appellant] may ask the district court for a sentence reduction based on Amendment 782 . . . but he has not yet done so and we do not consider that argument here."); United States v. Ergonis, 587 F. App'x 431, 432 (9th Cir. 2014) ("Any motion respecting the applicability of Amendment 782 to the

-4-

Guidelines should be brought in the sentencing court in the first instance."); United States v. Moreno, No. 13-41019, 2015 WL 394450, at *2 (5th Cir. Jan. 30, 2015).

Accordingly, we affirm.

BRIGHT, Circuit Judge, dissenting.

I write separately to express my view that I would neither affirm nor reverse in this case. For all practical purposes, this appeal is moot. In my view, we should remand for further proceedings now that the reduction in the base offense levels for most drug quantity offenses under U.S.S.G. § 2D1.1 (Amendment 782) has become effective and retroactive. See U.S.S.G. § 1B1.10(d) and (e)(1); United States v. Thomas, No. 14-3801, 2014 WL 7359580, at *1 (8th Cir. Dec. 29, 2014).

It's unnecessary to reach the merits of this appeal for two reasons. First, there exists good authority for mootness. In United States v. Allebach, 526 F.3d 385 (8th Cir. 2008), we considered whether the district judge erred in sentencing the defendant by refusing to apply the proposed amendment to the 100:1 ratio between crack cocaine and powder cocaine quantities in the Guidelines. Id. at 389. The amendment had become effective and retroactive at the time we considered the defendant's appeal. Id. We noted:

> As a practical matter this issue is essentially moot. The sentencing commission has made the guidelines amendment retroactive. See U.S.S.G. app. C, amend. 713 (Supp. 2008) *cited in United States v. Whiting*, 522 F.3d 845, 851-52 (8th Cir. 2008). The district court has the discretion to resentence Allebach using the amended guidelines.

Id. at 389 n.6.

The same is true here. The parties prepared and filed their briefs in this case prior to Amendment 782 becoming effective on November 1, 2014. Because Amendment 782 now retroactively applies to Lawin, he is entitled to the relief he now seeks (the benefit of the Amendment) regardless of the outcome of this appeal. See 18 U.S.C. § 3582(c)(2). Accordingly, this case is moot.

Second, there is no need to reach the merits because even in the absence of mootness, our case law favors a remand instead of an outright affirmance. In United States v. Whiting, 522 F.3d 845 (8th Cir. 2008), we stated that "[w]hen an amendment to the guidelines becomes retroactive during the appellate proceedings on a case, it may be remanded to the district court for determination of whether the amendment warrants a sentence reduction" even though the district court or the defendant can independently move for a sentence reduction under 18 U.S.C. § 3582(c)(2).[3] Id. at 853. We have applied this principle on multiple occasions. See, e.g., United States v. Shields, 519 F.3d 836, 838 (8th Cir. 2008); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993). And although a remand in these circumstances is not contingent on the mutual consent of the parties, it is significant that both parties here requested that the district court give Lawin the benefit of Amendment 782 at sentencing. Indeed, remanding would afford counsel for the parties an early opportunity to seek application of the now effective amended Guidelines for Lawin's benefit.

I acknowledge that some of the case law cited in the majority opinion may support an affirmance. These cases, however, relate, for the most part, to an amendment reducing the sentence disparities resulting from the 100:1 ratio between weighing crack cocaine (greater) and powder cocaine (lesser) in the Guidelines. That disparity was discrete and had little to do with any determination that drug sentences generally were too severe.

---

[3]Interestingly, the district judge refusing to apply the proposed Guidelines amendment in Whiting and Allebach is the same district judge as here.

In contrast, the enactment of Amendment 782 stems from the recognition by law enforcement and, in turn, the Sentencing Commission that, as stated by Attorney General Holder, "too many Americans go to too many prisons for far too long, and for no truly good law enforcement reason." See Eric Holder, Attorney General of the United States, United States Department of Justice, Remarks at the Annual Meeting of the American Bar Association's House of Delegates (Aug. 12, 2013), available at http://www.justice.gov/iso/opa/ag/speeches/2013/ag-speech-130812.html. Indeed, Amendment 782 responds to the "federal interest" that would be served by changes in drug sentencing policies followed by federal prosecutors.[4] The applicability of the cases cited by the majority may be questionable given the stark difference in the scope and the motivations underlying the powder/crack cocaine amendment compared to Amendment 782.

While the district judge's prior refusals to prospectively apply Guidelines amendments have not been reversed on appeal, the appeals have generally been remanded to the district court under a mandate to assess a possible sentence reduction under the newly-amended Guidelines. See, e.g., United States v. Woods, 531 F.3d 701, 702-03 (8th Cir. 2008) (stating that "it would be inconsistent" not to remand the matter for resentencing in light of this court's remand in Whiting). Considering that

---

[4]Here, the prosecutor in his consent to application of Amendment 782 at Lawin's sentencing appears to have been following the Justice Department's directive "not to object if defendants in court seek to have the newly proposed guidelines applied to them during sentencing." See Press Release, United States Department of Justice, Attorney General Holder Urges Changes in Federal Sentencing Guidelines to Reserve Harshest Penalties for Most Serious Drug Offenders (Mar. 13, 2014), available at http://www.justice.gov/opa/pr/attorney-general-holder-urges-changes-federal-sentencing-guidelines-reserve-harshest. This directive comports with Attorney General Holder's view that Amendment 782 is consistent with efforts "to conserve precious resources; to improve outcomes; and to disrupt the destructive cycle of poverty, incarceration, and crime that traps too many Americans and weakens entire communities." Id.

at Lawin's sentencing little question existed that Amendment 782 would have Congressional approval through non-action and that the parties agreed to the Amendment's application, I believe a remand, rather than an affirmance, is warranted. The result of an affirmance in this case may well be a waste of time and judicial resources.

Recognizing that Lawin's appeal is for all practical purposes moot, it would seem appropriate to either dismiss his appeal outright or remand with instructions for the district court to consider whether Lawin is entitled to a sentence reduction under the recently-amended Guidelines.

To ensure effective representation, counsel for Lawin, on the majority opinion becoming final, should move the district court under 18 U.S.C. § 3582(c)(2) for a reduction of Lawin's sentence pursuant to Amendment 782.[5]  And although the Guidelines provide that the district court "shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order

---

[5]Section 3582(c)(2) provides that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Section 1B1.10 of the United States Sentencing Guidelines defines the limits of sentencing relief available under 18 U.S.C. § 3582(c)(2).  That section instructs the district court to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced."  U.S.S.G. § 1B1.10(b)(1).

is November 1, 2015, or later," U.S.S.G. § 1B1.10(e)(1), that provision "does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. § 3582(c)(2) and this policy statement before November 1, 2015." U.S.S.G. § 1B1.10, comment. (n.6). In other words, the district court may immediately hold a hearing to rule on Lawin's eligibility for a sentence reduction and determine that reduction. See, e.g., United States v. Poppens, No. CR02-4105-MWB, 2014 WL 6455656, at *2 (N.D. Iowa Nov. 17, 2014) (the district court granting on its own motion a sentence reduction for the defendant pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782).

The Guidelines requirements also state that in reducing Lawin's sentence, the district court "shall substitute only [Amendment 782] for the corresponding guideline provisions that were applied when [Lawin] was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

Let's not delay any further the remedy that Lawin deserves.[6]

---------------------------------

[6]As far as the dissent is concerned, the only relief to which Lawin is entitled on remand is a *consideration* under 18 U.S.C. § 3582(c)(2) by the district court of whether his sentence should be reduced in light of Amendment 782. This judge appreciates the majority calling attention to the fact that Lawin is now entitled to such consideration. The majority recognizes that this consideration can be immediate on a timely motion.