BRIGHT, Circuit Judge,
dissenting.
I write separately to express my view that I would neither affirm nor reverse in this case. For all practical purposes, this appeal is moot. In my view, we should remand for further proceedings now that the reduction in the base offense levels for *783 most drug quantity offenses under U.S.S.G. § 2D1.1 (Amendment 782) has become effective and retroactive. See U.S.S.G. § lB1.10(d) and (e)(1); United States v. Thomas, No. 14-3801, 2014 WL 7359580, at *1 (8th Cir. Dec. 29, 2014).
It’s unnecessary to reach the merits of this appeal for two reasons. First, there exists good authority for mootness. In United States v. Allebach, 526 F.3d 385 (8th Cir.2008), we considered whether the district judge erred in sentencing the defendant by refusing to apply the proposed amendment to the 100:1 ratio between crack cocaine and powder cocaine quantities in the Guidelines. Id. at 389. The amendment had become effective and retroactive at the time we considered the defendant’s appeal. Id. We noted:
As a practical matter this issue is essentially moot. The sentencing commission has made the guidelines amendment retroactive. See U.S.S.G. app. C, amend. 713 (Supp.2008) cited in United States v. Whiting, 522 F.3d 845, 851-52 (8th Cir.2008). The district court has the discretion to resentence Allebach using the amended guidelines.
Id. at 389 n. 6.
The same is true here. The parties prepared and filed their briefs in this case prior to Amendment 782 becoming effective on November 1, 2014. Because Amendment 782 now retroactively applies to Lawin, he is entitled to the relief he now seeks (the benefit of the Amendment) regardless of the outcome of this appeal. See 18 U.S.C. § 3582(c)(2). Accordingly, this case is moot.
Second, there is no need to reach the merits because even in the absence of mootness, our case law favors a remand instead of an outright affirmance. In United States v. Whiting, 522 F.3d 845 (8th Cir.2008), we stated that “[w]hen an amendment to the guidelines becomes retroactive during the appellate proceedings on a case, it may be remanded to the district court for determination of whether the amendment warrants a sentence reduction” even though the district court or the defendant can independently move for a sentence reduction under 18 U.S.C. § 3582(c)(2).[3] Id. at 853. We have applied this principle on multiple occasions. See, e.g., United States v. Shields, 519 F.3d 836, 838 (8th Cir.2008); United States v. Cookey, 11 F.3d 97, 101 (8th Cir.1993). And although a remand in these circumstances is not contingent on the mutual consent of the parties, it is significant that both parties here requested that the district court give Lawin the benefit of Amendment 782 at sentencing. Indeed, remanding would afford counsel for the parties an early opportunity to seek application of the now effective amended Guidelines for Lawin’s benefit.
I acknowledge that some of the case law cited in the majority opinión may support an affirmance. These cases, however, relate, for the most part, to an amendment reducing the sentence disparities resulting from the 100:1 ratio between weighing crack cocaine (greater) and powder cocaine (lesser) in the Guidelines. That disparity was discrete and had little to do with any determination that drug sentences generally were too severe.
In contrast, the enactment of Amendment 782 stems from the recognition by law enforcement and, in turn, the Sentencing Commission that, as stated by Attorney General Holder, “too many Americans go to too many prisons for far too long, and for no .truly good law enforcement reason.” See Eric Holder, Attorney Gen *784 eral of the United States, United States Department of Justice, Remarks at the Annual Meeting of the American Bar Association’s House of Delegates (Aug. 12, 2013), available at http://www.justice.gov/ iso/opa/ag/speeches/2013/ag-speech-130812. html. Indeed, Amendment 782 responds to the “federal interest” that would be served by changes in drug sentencing policies followed by federal prosecutors.[4] The applicability of the cases cited by the majority may be questionable given the stark difference in the scope and the motivations underlying the powder/crack cocaine amendment compared to Amendment 782.
While the district judge’s prior refusals to prospectively apply Guidelines amendments have not been reversed on appeal, the appeals have generally been remanded to the district court under a mandate to assess a possible sentence reduction under the newly-amended Guidelines. See, e.g., United States v. Woods, 531 F.3d 701, 702-OS (8th Cir.2008) (stating that “it would be inconsistent” not to remand the matter for resentencing in light of this court’s remand in Whiting). Considering that at Lawin’s sentencing little question existed that Amendment 782 would have Congressional approval through non-action and that the parties agreed to the Amendment’s application, I believe a remand, rather than an affirmance, is warranted. The result of an affirmance in this case may well be a waste of time and judicial resources.
Recognizing that Lawin’s appeal is for all practical purposes moot, it would seem appropriate to either dismiss his appeal outright or remand with instructions for the district court to consider whether Law-in is entitled to a sentence reduction under the recently-amended Guidelines..
To ensure effective representation, counsel for Lawin, on the majority opinion becoming final, should move the district court under 18 U.S.C. § 3582(c)(2) for a reduction of Lawin’s sentence pursuant to Amendment 782.[5] And although the Guidelines provide that the district court “shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court’s order is *785 November 1, 2015, or later,” U.S.S.G. § lB1.10(e)(l), that provision “does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. § 3582(c)(2) and this policy statement before November 1, 2015.” U.S.S.G. § 1B1.10, comment, (n.6). In other words, the district court may immediately hold a hearing to rule on Lawin’s eligibility for a sentence reduction and determine that reduction. See, e.g., United States v. Poppens, No. CR02-4105-MWB, 2014 WL 6455656, at *2 (N.D.Iowa Nov. 17, 2014) (the district court granting on its own motion a sentence reduction for the defendant pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782).
The Guidelines requirements also state that in reducing Lawin’s sentence, the district court “shall substitute only [Amendment 782] for the corresponding guideline provisions that were applied when [Lawin] was sentenced and shall leave all other guideline application decisions unaffected.” U.S.S.G. § lB1.10(b)(l).
Let’s not delay any further the remedy that Lawin deserves.[6]

. Interestingly, the district judge refusing to apply the proposed Guidelines amendment in Whiting and Allebach is the same district judge as here.

. Here, the prosecutor in his consent to application of Amendment 782 at Lawin's sentencing appears to have been following the Justice Department's directive “not to object if defendants in court seek to have the newly proposed guidelines applied to them during sentencing.'' See Press Release, United States Department of Justice, Attorney General Holder Urges Changes in Federal Sentencing Guidelines to Reserve Harshest Penalties for Most Serious Drug Offenders (Mar. 13, 2014), available at http://www.justice.gov/opa/pr/ attorney-general-holder-urges-changes-federal sentencing-guidelines-reserve-harshest. This directive comports with Attorney General Holder's view that Amendment 782 is consistent with efforts "to conserve precious resources; to' improve outcomes; and to disrupt the destructive cycle of poverty, incarceration, and crime that traps too many Americans and weakens entire communities." Id.

. Section 3582(c)(2) provides that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.”
Section IB 1.10 of the United States Sentencing Guidelines defines the limits of sentencing relief available under 18 U.S.C. § 3582(c)(2). That section instructs the district court to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced.” U.S.S.G. § 1B1.10(b)(1).

. As far as the dissent is concerned, the only relief to which Lawin is entitled on remand is a consideration under 18 U.S.C. § 3582(c)(2) by the district court of whether his sentence should be reduced in light of Amendment 782. This judge appreciates the majority calling attention to the fact that Lawin is now entitled to such consideration. The majority recognizes that this consideration can be immediate on a timely motion.