# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1382

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff-Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the Northern |
| | * District of Iowa. |
| Brandon Patrick Calmese, also known | * |
| as Renegade, | * [UNPUBLISHED] |
| | * |
| Defendant-Appellant. | * |

_____

Submitted: October 18, 2010
Filed: October 21, 2010

_____

Before MUPRHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Brandon Patrick Calmese pled guilty to distributing crack cocaine. The district court[1] sentenced Calmese to 130 months, the low end of his guideline range. He appeals his sentence, and we affirm.

Calmese argues that the district court abused its discretion by adhering to the 70:1 crack to powder cocaine ratio laid out in the United States Sentencing Guidelines

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

rather than using a 1:1 ratio. He asserts that, in doing so, the district court imposed a greater than necessary sentence and created an unwarranted sentencing disparity within the district. See 18 U.S.C. § 3553(a)(6) (2006). We first review the district court's sentence for significant procedural error, employing "'a deferential abuse-of-discretion standard.'" United States v. Hayes, 518 F.3d 989, 995 (8th Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 41 (2007).

Calmese's sentence was procedurally sound. The court knew it had "wide discretion to vary," but reflected that while it must "balance the discrepancy between the crack and the cocaine, [it] also ha[d] to look at the other factors that are involved." Sentencing Transcript at 32. Ultimately the district court found that Calmese's extensive criminal history warranted the sentence imposed. The district court was not required to adopt what Calmese cites as negative public sentiment against the crack guideline, see 18 U.S.C. § 3553(a), and it did not abuse its considerable discretion by declining to equate crack and powder at sentencing. United States v. Saddler, 538 F.3d 879, 891 (8th Cir. 2008).

Calmese also argues for the first time on appeal that the court's use of the 70:1 guideline ratio causes an unwarranted disparity because the district's other active judge routinely employs a 1:1 ratio. We review this issue for plain error. United States v. Woods, 603 F.3d 1037, 1039 (8th Cir. 2010). Calmese cannot meet that standard. The district court imposed a sentence within the guideline range after considering all of the statutory factors. In a Rule 28(j) filing, Calmese cites a Department of Justice letter expressing concern about variation in sentencing subsequent to Booker v. United States, 543 U.S. 220 (2005). Letter from Jonathan J. Wroblewski to the Honorable William K. Sessions III, Chair, United States Sentencing Commission (June 28, 2010). This was not available to the district court, and the department's concern over a sentencing regime that has "largely lost its mooring to the sentencing guidelines," id. at 2, would hardly have supported Calmese's request for a variance.

Accordingly, the judgment of the district court is affirmed.

_____